ESTHER THOMPSON, PLAINTIFF-APPELLEE, v. MAX B. BARAB, TRADING AS MAX B. BARAB FUEL OIL COMPANY, DEFENDANT-APPELLANT.

Argued October 1, 1940—Decided December 7, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the plaintiff-appellee, *Louis Kravis.*

For the defendant-appellant, *Bolte & Miller* (*Harry Miller,* of counsel.)

BROGAN, CHIEF JUSTICE. This is an appeal from a judgment for the plaintiff who recovered damages for personal injuries suffered by her when she tripped over a hose, lying across a public sidewalk in Atlantic City, through which defendant was delivering fuel oil to a customer.

In the main, the error alleged is that the trial court erred in the charge to the jury.

The first point of several of a kindred nature, on which appellant seeks a reversal, is that the court in its charge left it to the jury to determine "what was the duty owed by this defendant to this plaintiff at the time of this alleged mischance." The appellant argues that it is the province of the court to define the duty imposed on the defendant under the

facts of the case and that it is for the jury to determine whether the duty was discharged. A reading of the charge in its entirety on this phase of the case makes it very clear that the court was talking about the kind or character of duty in question because in the very next paragraph, in further exposition of the point, the court, very comprehensively, told the jury that the defendant had the duty of using reasonable care under the circumstances.

It is next said that the court erred in telling the jury that a hose stretched across the pavement without any warning sign is an unnecessary obstruction, and that it must raise a duty on the company (defendant) to give reasonable warning of the obstruction to protect the traveler, &c. The instruction, we think, was sound. *Christine* v. *Mutual Grocery Co.,* 119 *N. J. L.* 149.

The next point argued is that the court erred in charging one of the plaintiff's requests to charge. The language complained of was taken *verbatim* from an opinion in this court in the case of *Reilly* v. *B. S. Janney, Jr., & Co.,* 103 *Id.* 11. The fact situation in the Janney case was quite like the one in the instant case. There the plaintiff fell over a skid used by the defendant in unloading its trucks and this court said, in its opinion, that it was a settled rule that the traveling public has a right to presume that there is no dangerous impediment in any part of the highway in the absence of notice of such impediment. We find no error in this part of the charge. Under this heading the appellant further argues that the language contained in the request to charge, contrasted with other language of the charge, made conflict and confusion and thus tended to mislead the jury. For the sake of argument, if we accept the appellant's construction of the other excerpt from the charge which is said to be inconsistent with the request which was charged, the appellant would take no benefit thereby because if anything it placed a higher degree or burden of duty on the plaintiff than the law required under the circumstances of this case.

It is further argued that the refusal of the defendant's fourth request to charge made for prejudicial error. We do not find this to be so. The substance of the defendant's request to charge was charged.

Two other points are made under this heading—that the court erred in refusing to charge defendant's fifth and sixth requests to charge. The substance of both requests was charged. The court is under no duty to charge as requested in the language adopted by counsel who proffers the request. It is sufficient when the judge, as here, correctly and comprehensively charges the jury on the element of the case called to his attention in a request to charge.

Finally, it is argued that the defendant was prejudiced because it appeared in the testimony that defendant was insured. The appellant argues that under the circumstances there should have been a mistrial. A motion to that effect was denied. There are two ready answers to this argument. The first is that it was the defendant himself who, on cross-examination, stated that he turned the matter of this accident over to his insurance company. If mistrial might be had because of this gratuitous statement by a defendant many mistrials would result which would not further the interests of justice. Second, the court instructed the jury that that statement advanced by the defendant was to be entirely disregarded. The careful, thorough statement by the court to the jury concerning the matter was such that, in our judgment, it entirely cured the situation.

It is finally argued that the verdict was the result of "passion, prejudice, mistake or partiality" and that the court abused its discretion in not granting a new trial. The appellant had the benefit of a rule to show cause on this phase of the matter and the rule, after the court heard the argument of counsel for the respective sides, was discharged. We find no basis whatever for the appellant's present argument.

The judgment will be affirmed, with costs.